UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO A CASTANEDA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT KRAMER, et al., <br><br> Defendants. | Case No. 18-cv-06571-EMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO REMAND** <br><br> Docket No. 7 |

## I.     INTRODUCTION

Defendant Suzanne Coleman ("Coleman") brought an unlawful detainer action against Plaintiffs Felita and Isidro Castaneda ("the Castanedas") on April 11, 2018 in the Superior Court of California, County of Alameda, asserting that the Castanedas have continued to occupy a property that Coleman owns pursuant to a foreclosure sale. *See* Docket No. 9 ¶¶ 2–4. On September 21, 2018, the Castanedas removed the case to this Court, asserting federal question jurisdiction "based on the Protecting Tenants at Foreclosure Act." *See Coleman v. Castaneda*, No. 18-cv-5820 (N.D. Cal. filed Sept. 21, 2018) ("*Castaneda I*"), Docket No. 1. On October 24, 2018, the Court granted Coleman's motion to remand *Castaneda I* because the notice of removal was untimely filed, and the complaint did not present a federal question. *See Castaneda I*, Docket No. 16.

Trial in the unlawful detainer action in state court was set for October 29, 2018. Docket No. 9 ¶ 12. However, on that day, the Castanedas' counsel "handed [Coleman's] counsel [a] 'Notice of Removal' in the courtroom." *Id.* Attached to the Notice of Removal was the petition for removal and complaint filed in this case ("*Castaneda II*"). On November 15, 2018, Coleman filed the instant motion to remand *Castaneda II* to state court. Docket No. 7. The Castanedas

have not filed an opposition.

For the reasons below, the Court **GRANTS** the motion to remand.

## II. DISCUSSION

A. Remand

The posture of this case is somewhat unusual. Although Coleman is the plaintiff in the underlying unlawful detainer action and the Castanedas are the defendants, their roles are nominally reversed here because the Castanedas' "Petition for Removal and Complaint" purports affirmatively to assert causes of action against Coleman. The Court will treat the Castanedas' filing as a petition for removal.[1] *See Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 809 (5th Cir. 1992) (declining to consider affirmative claims raised in a petition for removal once removal was found to be improper); *Dressler v. Ptacek*, No. 07-C-289, 2008 WL 168664, at *2 (E.D. Wis. Jan. 17, 2008) (same).

As with *Castaneda I*, remand is required in this case because removal was untimely. The removal statute directs that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Coleman filed her complaint in state court on April 11, 2018. The Castanedas filed their notice of removal on October 29, 2018, more than six months later. Removal was thus untimely. *See IDA 1 Inc. v. Chen*, No. C-13-02355-RMW, 2013 WL 2458405, at *1 (N.D. Cal. June 6, 2013) (remanding case because "Defendants filed a notice of removal twenty days after the statutory deadline had passed, offering no explanation for the late filing").

The complaint in this case appears to suggest that the Castanedas have "newly-learned facts" that reset the clock for removal. Docket No. 1 at 1–2. They allege that they "recently

---

[1] Even if the filing is treated as an independent complaint, the Court lacks subject matter jurisdiction over it. Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, the Castanedas' causes of action all arise under state law, and do not "necessarily turn on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983); *see* Docket No. 1 at 5–9.

2

discovered that the scheme through which [they] are being evicted arose from an alter ego shell game from funds derived through federal criminal activity." *Id.* But the Castanedas have offered no explanation as to why these facts make this case removable. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) ("[T]he removal period begins when a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable.") (citing 28 U.S.C. § 1446(b)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[T]he defendant always has the burden of establishing that removal is proper."). Indeed, the complaint only asserts federal question jurisdiction based on the 90-day post-foreclosure notice provision in the Protecting Tenants at Foreclosure Act. *Id.* ¶ 10. The Court has already explained, in remanding *Castaneda I*, that "federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act," because such arguments function as "a defense or a counterclaim." *Castaneda I*, Docket No. 16 at 2 (quoting *Fed. Home Loan Mortg. Corp. v. Lee*, No. 2:12-CV-00867 JAM, 2012 WL 1657736, at *3 (E.D. Cal. May 10, 2012)). Generally, federal question jurisdiction cannot be based on a defense.

Accordingly, remand is required.

B.  <u>Attorneys' Fees</u>

Coleman also seeks attorneys' fees incurred in litigating *Castaneda I* and *Castaneda II* because she believes both cases were "improperly removed" by the Castanedas. Docket No. 7 at 8. 28 U.S.C. § 1447(c) provides, in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A district court has "wide discretion" to award fees under § 1447(c), and such an award does not have to be premised on a finding of bad faith. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446–47 (9th Cir. 1992). The standard for awarding fees "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

Three considerations here support imposing attorneys' fees on the Castanedas. First, "[a]

3

defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).'" *Zahn v. T.B. Penick & Sons, Inc.*, No. 11CV1322 AJB, 2011 WL 5118751, at *4 (S.D. Cal. Oct. 27, 2011) (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)). Second, this is the Castanedas' second unsuccessful attempt to remove the unlawful detainer action, and they have failed to cite any new factual or legal basis for removal. *See Wells Fargo Bank Nat. Ass'n v. Vann*, No. 13-CV-01148-YGR, 2013 WL 1856711, at *4 (N.D. Cal. May 2, 2013) (finding no objectively reasonable basis for removal of unlawful detainer case and awarding fees under § 1447(c) where defendant "was already aware from prior remand orders that no federal question jurisdiction existed and that his bases for removal were not proper"); *Fed. Home Loan Mortgage Corp. v. Pulido*, 2012 WL 5199441, *2 (N.D. Cal. Oct. 20, 2012) ("[A]bsent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned."). Third, there is reason to infer that the Castanedas "sought [removal] for the purpose of prolonging litigation" in the unlawful detainer action. *Martin*, 546 U.S. at 140. The notice of removal was filed just as the state court trial was about to begin (the trial had been postponed because the notice of removal in *Castaneda I* was filed the day before the trial had previously been scheduled to take place). Docket No. 9 ¶ 12. The petition for removal and complaint makes no mention of the fact that removal had previously been sought and deemed improper. And in both *Castaneda I* and *Castaneda II*, the Castanedas made no attempt to contest remand or provide justifications for removal once Coleman moved to remand.

Coleman seeks $5,120 in attorneys' fees, consisting of a flat $1,000 fee for contesting removal in *Castaneda I*, and $4,120 for *Castaneda II*. Docket No. 12 ¶ 10. The latter component is based on 8 hours of attorney work billed at $350 per hour, and 6.6 hours of paralegal work billed at $200 per hour. *Id.* ¶¶ 6–9. The total of 14.6 hours billed appears reasonable. However, the $1,000 fee for *Castaneda I* should not be included because the first removal attempt was not clearly unreasonable. Accordingly, the Court awards $4,120 in attorney's fees for the wrongful removal in *Castaneda II.*

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Coleman's motion to remand the case to the Superior Court of California, and **GRANTS** Coleman attorney's fees in the amount of $4,120.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: December 10, 2018

_____
EDWARD M. CHEN
United States District Judge